# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

CHARLES KELLY,

    Plaintiff,

CASE NUMBER:

v.

STEADFAST SERVICES INC., MICHAEL TREY DAVIS, KATIE DAVIS, and ROBERT DAY,

    Defendants.

_____/

## COMPLAINT FOR VIOLATION OF PROVISIONS OF THE FLSA (§207)

Plaintiff, CHARLES KELLY (hereinafter, "Plaintiff" or "KELLY"), by and through his undersigned counsel, herein sues Defendants, STEADFAST SERVICES INC., (SSI), MICHAEL TREY DAVIS, KATIE DAVIS and ROBERT DAY, (collectively "Defendants"), pursuant to 29 U.S.C. §216 of the Fair Labor Standards Act (the "FLSA") and states as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, CHARLES (aka "CHUCK") KELLY, brings this action for violation of federal wage and hour laws pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, (the "FLSA"). Plaintiff alleges that he is entitled to unpaid overtime wages, as required by 29 U.S.C. §207. Plaintiff also seeks recovery of

unpaid bonuses or commissions pursuant to contract law as per the laws of the State of Florida.

2.  The Fair Labor Standards Act is our nation's foremost wage law. The overtime requirements of the FLSA were meant to apply financial pressure to spread employment to avoid the extra wage and to assure workers additional pay to compensate them for the burden of a work week beyond the hours fixed in the act. *See* In re Novartis Wage & Hour Litig., 611 F.3d 141, 150 (2d Cir. N.Y. 2010). It requires minimum wage and overtime pay for certain non-exempt employees. 29 U.S.C. §213.

3.  Plaintiff's job or position working for Defendants as a "Grinder Operator" or hurricane cleanup worker are non-exempt job positions under the FLSA, involving manual labor, and routine and repetitive tasks.

4.  Pursuant to policy and plan, Defendants willfully failed to pay Plaintiff at a rate not less than one and one-half his regular rate of pay for all hours worked in excess of forty (40) in a workweek as required by 29 U.S.C. §207(a)(1).

5.  Plaintiff's primary job duties as an employee of Defendants consisted primarily of cleaning up debris from hurricane Michael (which struck the panhandle of Florida on October 18, 2018), and grinding up trees and other greenery into mulch, maintaining the grinder and making deliveries of the mulch.

6.  Throughout Plaintiff's employment with Defendants he was required

to work in excess of forty (40) hours per week in order to complete his job duties and responsibilities and was never paid any premium for his overtime hours.

7.  The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion. Plaintiff reserves all rights to plead in the alternative.

## PARTIES, JURISDICTION AND VENUE

8.  This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. §1331, because this action involves a Federal Statute, 29 U.S.C. §201, *et seq.*

9.  This Court has personal jurisdiction over this action because Defendants operate substantial business in Jackson County, Georgia from their corporate office located at 740 Pond Fork Church Rd., Talmo, GA 30575 and where the unlawful pay practices originated. Moreover, each of the Defendants are residents of this Jurisdiction.

10. Venue is proper to this Court pursuant to 29 U.S.C. §216(b).

11. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367. The state law claims are so related to the FLSA claims and also arise out of the same common nucleus of operative facts such that they form part of the same case or controversy.

12. At all times relevant to this action, Plaintiff was an employee of

Defendants within the meaning of 29 U.S.C. §203(e)(1).

13. Defendant, STEADFAST SERVICES INC. is a Georgia for profit corporation with its principal address located at 740 Pond Fork Church Rd., Talmo, GA 30575, which is Defendant Michael Trey Davis's house, and may be served through its registered agent, Katie Davis, at the same address.

14. Defendant, MICHAEL TREY DAVIS, is an employer of the Plaintiff within the meaning of the FLSA as he is the CEO of SSI, and an owner of the company and involved in the day to day running of the business of Steadfast Services..

15. Defendant KAtie Davis is an employer of Plaintiff within the meaning of the FLSA as she is the CFO and 2nd highest ranking officer of Steadfast Services Inc., and involved with the day to today running of the business of Steadfast Services.

16. Defendant ROBERT DAY, is an employer of the Plaintiff within the meaning of the FLSA as he is the Grinding Division Manager of SSI, involved with directing the work of Day and had a role in determining his compensation. .

17. Upon information and belief, Defendants Day and Davis also created and were responsible for the unlawful pay practices at issue here, and had the authority to hire and fire employees and control the employees', including Plaintiff, directed his work schedule, work requirements and methods of payment and

compensation plans.

18. As an officer, manager and/or owner of Defendant SSI, Davis and Day are employers within the meaning of the FLSA. *See* In re Van Diepen, P.A., 236 Fed. Appx. 498, 12 Wage & Hour Cas. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

19. The overtime wage provisions set forth in 29 U.S.C. §207 apply to Defendants, as they engage in interstate commerce under the definition of the FLSA, employed 2 or more persons, and upon information and belief grossed more than $500,000.00 in operating revenue during each of the last fiscal year.

## GENERAL ALLEGATIONS

20. Plaintiff was employed by Defendants as a "grinder" and hurricane cleanup worker from October 2018 until January 2020 working exclusively in the Panama City, Florida area.

21. At all times relevant, Defendants treated Plaintiff as an exempt employee under the FLSA, and he was paid a weekly salary without regard to the hours worked, or the number of days worked each workweek.

22. Regardless of the job titles Defendants applied to Plaintiff's position with the company, he spent all of his time performing manual labor, physically taxing, laborious, routine and repetitive job duties which under the FLSA and DOL regulations fall squarely under the realm as non-exempt job duties.

23. Defendants were aware of Plaintiffs overtime hours, as they

commanded and required him to work upwards of 7 days per week, and each day on well over 8 hours.

24.  Defendants expected Plaintiff to keep up with his job duties no matter how many hours or days the job required.

25.  Plaintiff worked overtime work hours without being paid any premium for all the overtime hours, and the Defendants did not have any recording or tracking system in place for Plaintiff to track and record his actual work hours.

26.  Despite regularly working in excess of 40 hours per week during his employment with Defendants, Plaintiff was never paid an overtime premium at a rate not less than one and one-half his regular rate of pay for all the hours worked in excess of forty (40) in a workweek as required by 29 U.S.C. §207(a)(1).

27.  Defendants had no reasonable grounds to believe that Plaintiff was not entitled to the overtime pay or that he fell within any of the exemptions to the overtime provisions of the FLSA.

28.  Defendants permitted Plaintiff to suffer to work the overtime hours both off the clock, and without benefit of being paid for all the hours worked.

29.  Plaintiff's position does not meet the elements of the highly compensated employee exemption of Section 13(a)1, as his work duties fail to meet elements 2 and 3 of the exemption:  2) the employee's primary duty includes performing office or non-manual work; and 3) the employee customarily and

regularly performs at least one of the exempt duties or responsibilities of an exempt executive, administrative or professional employee." Section 13(a)1, FLSA.

30. Plaintiff's job positions were subject to the FLSA wage provisions and he is a covered employee within the meaning or definition of Section 203 of the FLSA.

## COUNT I
## FAILURE TO PAY OVERTIME COMPENSATION
## IN VIOLATION OF THE FLSA 29 U.S.C. § 201, *ET SEQ.*

31. Plaintiff adopts and realleges the allegations set forth in paragraphs one 1 through 30 as if fully set forth herein.

32. Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. §203(e)(1).

33. Defendants were Plaintiff's "employers" within the meaning of 29 U.S.C. §203(d).

34. The overtime wage provision set forth in FLSA §207 applies to Defendants as they were engaged in commerce under the definition of the FLSA, employ 2 or more employees and have revenues greater than $500,000.

35. Throughout Plaintiff's employment with Defendants he was not paid overtime compensation for all hours worked in excess of forty (40) in a workweek.

36. Defendants compensated Plaintiff as if he was a salaried, exempt employee.

37. Instead of paying Plaintiff a premium for all the required overtime hours, Defendants made false or unfilled promises that enticed Plaintiff to continue to work these extra hours by dangling the promise of payment of a huge bonus or commission on the materials grinded up for mulch.

38. Plaintiff did not supervise two (2) or more full time employees, and his job did not involve the exercise of discretion and independent judgment in matters of significance affecting the company which the Administrative exemption would require.

39. Plaintiff's job neither meets any professional exemption or any other exemption under the FLSA which Defendants would have any good faith basis under the FLSA for their willful unlawful pay practice of refusing and failing to pay Plaintiff a premium for all overtime hours worked.

40. Defendants are, or should have been aware of the FLSA overtime requirements, as they have many employees and work in numerous locations or states.

41. Defendants knew or should have known that failing to pay Plaintiff a premium for the overtime hours he worked was a willful violation of the FLSA.

42. Defendants again knew Plaintiff was performing work which required him to work upwards of seven (7) days a week, and many hours beyond 40 in most, if not all, workweeks.

43. Further, at no time did Defendants discipline or warn Plaintiff against working all the extra hours without pay, yet took advantage of and received the benefits of Plaintiff's extra work hours.

44. Defendants did not track and record Plaintiff's work hours, thus, Defendants permitted Plaintiff to suffer to work off the clock without pay.

45. Therefore, Defendants willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime to Plaintiff for all hours worked in excess of forty (40) per week, and did so solely as a scheme and plan to evade the overtime wage requirement of the FLSA and to maximize profits.

46. Plaintiff may establish the hours he worked solely by his testimony and the burden of overcoming such testimony shifts to the employer. *See* Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).

47. As a direct result of Defendants' violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with §207 and §216(b) of the FLSA.

48. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

## COUNT II
## BREACH OF CONTRACT

49. Plaintiff adopts and realleges paragraphs 1 through 30 as if fully set

forth and herein.

50.  From the beginning of his work for Defendants on the hurricane cleanup in Panama City, Florida, Defendants promised to compensate Plaintiff the exact amount of $1.00 per cubic yard of grinded up mulch delivered or sent out.

51.  Plaintiff has sent out, ground up or delivered substantial amounts or quantities of cubic yards of mulch, the total of which is known by Defendants and other third parties.

52.  Defendants breached their promise to pay Plaintiff this bonus or commission.

53.  Plaintiff sought to resolve this dispute with Defendants, but to no avail, and they have willfully refused to honor the contractual promise.

54.  As a direct and proximate result of Defendants' breach of this agreement, Plaintiff has suffered financial harm.

55.  Moreover, the regular rate of pay for Plaintiff must include the value of this bonus or commission, and the failure to honor and pay Plaintiff this bonus or commission likewise affects his regular rate of pay and overtime rates.

56.  Plaintiff performed work at all times in Florida, such that Defendants are subject to the wage laws of the State of Florida, including F.S. 448.08.

**WHEREFORE**, Plaintiff, CHARLES "CHUCK" KELLY, demands judgment against Defendants for overtime compensation in amounts to be

determined at trial, and is entitled to recovery of such amounts, liquidated damages, and reasonable attorneys' fees and costs pursuant to §216 of the FLSA. Plaintiff also demands judgment against Defendants for all bonus and commissions due, plus payment of attorney's fees pursuant to F.S. 448.08, interest up through the date of trial, and such other and further equitable relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated August 14, 2020.

                                                  Respectfully submitted by,

                                                  */s/ Mitchell L. Feldman, Esq.*
                                                  Mitchell L. Feldman, Esq.
                                                  Georgia Bar. No. 257791
                                                  Feldman Legal Group
                                                  6940 W. Linebaugh Ave, #101
                                                  Tampa, Florida 33625
                                                  Tel: (813) 639-9366 - Fax: (813) 639-9376
                                                  Email: mlf@feldmanlegal.us
                                                  Secondary: madams@feldmanlegal.us
                                                  *Attorney for Plaintiff*